JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Connie Rainis
1909 Brooke Drive
Royersford, PA 19468

**(b)** County of Residence of First Listed Plaintiff   **Montgomery County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

### DEFENDANTS
Boscov's Inc.
500 W. Germantown Pike
Plymouth Meeting, PA 19462

County of Residence of First Listed Defendant   **Montgomery County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq
Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [X] Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  4/3/2020
SIGNATURE OF ATTORNEY OF RECORD  */s/ Graham Baird/*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1909 Brook Drive, Royersford, PA, 19468

Address of Defendant: 500 W. Germantown Pike, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: 500 W. Germantown Pike, Plymouth Meeting, PA 19462

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/3/2020   _____   92692
                 Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
[X] 7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
  (Please specify): _____

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify): _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
  (Please specify): _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird, counsel of record or pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/3/2020   _____   92692
                 Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Connie Rainis | : | CIVIL ACTION |
| v. | : | |
| Boscov's Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x)


| 4/3/2020 | Graham F. Baird, Esq. | Connie Rainis |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE RAINIS<br>1909 Brooke Drive<br>Royersford, PA 19468 | JURY DEMANDED |
| Plaintiff, | |
| v. | |
| | No. |
| BOSCOV'S, INC.<br>500 W. Germantown Pike<br>Plymouth Meeting, PA 19462 | |
| And | |
| BOSCOV'S DEPARTMENT STORE, LLC<br>4500 Perkiomen Avenue<br>Reading, PA 19606 | |
| Defendants | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, CONNIE RAINIS (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, BOSCOV'S, INC. (hereinafter "Boscov's") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3. Defendant, BOSCOV'S DEPARTMENT STORE, LLC (hereinafter "BDS") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address. Both Defendants are hereinafter collectively referred to as "Defendants".

4. At all times material hereto, Defendants qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

5. This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

8. Plaintiff has exhausted her administrative remedies prior to bringing this civil rights claim. [Exh. A.]

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

10. In or around October 6, 1994 Defendants hired Plaintiff as a sales associate for their Pottstown location.

11. Approximately one year following her hire, Plaintiff was transferred to Defendants' Plymouth Meeting location, where she worked until the termination of her employment.

12. Beginning in or around 2015, Plaintiff began to experience issues with her Achilles tendon, and was prescribed a cane to aid her walking.

13. Plaintiff attempted to use her cane at work as directed by her physician; however, Defendants' Human Resources representative, Rena, told Plaintiff that Defendants had a "no cane" policy and Plaintiff was therefore unable to use her cane at work.

14. Plaintiff followed this purported policy, but additionally placed a call to Defendants' corporate location to inquire whether there was in fact a "no cane" policy.

15. Defendants' corporate representative agreed that there was a "no cane" policy.

16. Following this, Plaintiff noticed she was being scrutinized more closely by Rena.

17. Plaintiff was being reprimanded by Rena for "holding on to furniture" in order to aid her ambulation.

18. As a result of being unable to use her cane to aid in her ambulation for the next four (4) years, Plaintiff's condition worsened.

19. Plaintiff ultimately tore her Achilles tendon and was required to be out of work and on a medical leave from February 2018 to June 3, 2018.

20. Plaintiff was approved by her doctors to return to work on June 4, 2018, and was again instructed by her physician to use a cane.

21. Rena told Plaintiff that due to Defendants' "no cane" policy, she was not allowed to return to work until she no longer required a cane.

22. Plaintiff made an appointment to speak with Defendants' Human Resources representative, Cathy Sheetz, during which time Plaintiff was again told that Defendants' employed a "no cane" policy.

23. Plaintiff asked to be shown this policy in the employee handbook.

24. Ms. Sheetz was unable to do so and indicated that Defendants' were "updating the handbook."

25. In or around August of 2018, Plaintiff returned to work.

26. In October of 2018, Plaintiff woke up in pain unable to move her leg.

27. Plaintiff contacted Ms. Sheetz to inquire if she could use her walker for that day at work.

28. Ms. Sheetz told Plaintiff to "take care of her health" and to stay home.

29. Following this call, Plaintiff was then contacted by Rena who stated Plaintiff's employment was being terminated due to her "health condition."

30. Plaintiff attempted to file for unemployment, only to find that Boscov's indicated that they had not terminated her employment.

31. Plaintiff additionally received COBRA paperwork from Defendants, indicating she was indeed fired.

32. Plaintiff was employed for over twenty (20) years, and never had any issues or complaints until she began experiencing a diagnosed health condition/disability which hindered her ability to walk requiring a mobility aid.

33. Defendants failed to reasonably accommodate Plaintiff's disability, resulting in worsening of her condition.

34. Defendants failed to meaningfully engage in an interactive process towards the development of a reasonable accommodation for Plaintiff's disability.

35. At all times material hereto, Defendants were hostile to Plaintiff's diagnosed medical condition, need to take a medical leave, and need to utilize a mobility aid, and terminated her as a result of that animus.

36. As a direct and proximate result of Defendants' conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future

wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I– AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C.A. § 12101 et seq)**
**(Plaintiff v. Defendants)**

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

39.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

40.     Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

41.     At all times material hereto, Plaintiff had a qualified disability, as described above.

42.     Defendants failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

43.     Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

44.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well

as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

45. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

46. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

### COUNT II—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

47. Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48. As set forth above, Plaintiff is a member of a protected class.

49. Defendants failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

50. Defendants terminated Plaintiff's employment.

51. As set forth above, a motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's disability.

52. Plaintiff suffered disparate treatment in the manner in which she was terminated as compared to similarly situated able-bodied employees, who received more favorable treatment by Defendants.

53. As such, Defendants violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

54. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

55. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

56. Plaintiff demands attorneys' fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, CONNIE RAINIS demands judgment in her favor and against Defendants, BOSCOV'S, INC. and BOSCOV'S DEPARTMENT STORE, LLC in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

                              **LAW OFFICES OF ERIC A. SHORE, P.C.**

                        BY: _____
                          **GRAHAM F. BAIRD, ESQUIRE**
                          Two Penn Center
                          1500 JFK Boulevard, Suite 1240
                          Philadelphia, PA 19102

                          Attorney for Plaintiff, Connie Rainis

Date: _4/2/2020_

# EXH. A

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Connie A. Rainis  
536 East main Street  
Apt 2- Rear  
Norristown, PA 19401

From: Philadelphia District Office  
801 Market Street  
Suite 1300  
Philadelphia, PA 19107

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-03960 | Legal Unit, Legal Technician | (267) 589-9700 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**
Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*        01/15/2020  
Jamie R. Williamson,  
District Director                (Date Mailed)

Enclosures(s)

cc: BOSCOV'S DEPARTMENT STORES  
John Buckley, Esq. (For Respondent)  
Hoffman Hlavac & Easterly  
1605 N. Cedar Crest Boulevard, Suite 517  
Allentown, PA 18104

Graham F. Baird, Esq. (For Charging Party)  
LAW OFFICE OF ERIC A. SHORE  
2 Penn Center, Suite 1240  
1500 JFK Blvd.  
Philadelphia, PA 19102

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"**Actual**" disability or a "**record of**" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities**" **now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "**episodic**" (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"**Regarded as**" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.